Zheng "Andy" Liu (SBN 279327)
*Aptum Law*
750 Alam Lane #8244
Foster City, CA 94404
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendant Particle Media, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography", a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PARTICLE MEDIA, INC., a Delaware Corporation, individually and doing business as "Newsbreak"; and DOES 1-10,<br><br>Defendants. | Case No.: 2:20-cv-09363 CAS (AGRx)<br><br>**PARTICLE MEDIA INC.'S ANSWER TO THE COMPLAINT BY PLAINTIFF MICHAEL GRECCO PRODUCTIONS, INC.; AFFIRMATIVE DEFENSES; AND JURY TRIAL DEMAND** |

Defendant PARTICLE MEDIA, INC. ("Defendant" or "Particle Media") hereby answers the Complaint of Plaintiff MICHAEL GRECCO PRODUCTIONS, INC. ("Plaintiff"), raises certain affirmative defenses, and demands trial by jury as follows:

## JURISDICTION AND VENUE

1.   This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

**ANSWER:** Admitted.

2.   This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

**ANSWER:** Admitted.

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**ANSWER:** Denied.

## PARTIES

4.   Plaintiff MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography" ("GRECCO"), is a California corporation organized and existing under the laws of the state of California with its principal place of business at 3103 17th Street, Santa Monica, California 90405. Plaintiff's principal, Michael Grecco, is an award-winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

5.   Plaintiff is informed and believes and thereon alleges that Defendant PARTICLE MEDIA, INC., individually and doing business as "Newsbreak" ("NEWSBREAK"), is a Delaware corporation with its principal place of business located at 800 W. El Camino, Suite 100, Mountain View, California 94040.

**ANSWER:** Denied.

ANSWER TO COMPLAINT                    Case No.: 2:20-cv-09363 CAS (AGRx)

6.   Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiffs copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

7.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

**ANSWER:** Denied

**<u>CLAIMS RELATED TO SUBJECT PHOTOGRAPH A</u>**

8.   Plaintiff owns an original photograph of Andy Garcia ("Subject Photograph A") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights to the Subject Photograph A.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

9.   Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph A, NEWSBREAK, DOE Defendants, and each of them used the Subject Photograph A without Plaintiffs authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as www.newsbreak.com/people/andy.garcia/.

ANSWER TO COMPLAINT                    Case No.: 2:20-cv-09363 CAS (AGRx)

**ANSWER:** Denied.

10. An image of the Subject Photograph A and a screen capture of Defendant's website with the Subject Photograph embedded are set forth hereinbelow:

**Subject Photograph A**



**Screen Capture**



**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

**CLAIMS RELATED TO SUBJECT PHOTOGRAPH B**

11. Plaintiff owns an original photograph of Julia Child ("Subject Photograph B") that was registered with the United States Copyright Office on July 7, 2010 with the Registration

Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights to the Subject Photograph B.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

12. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph B, NEWSBREAK, DOE Defendants, and each of them used the Subject Photograph B without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to the use on websites such as www.newsbreak.com/people/julia-child/.

**ANSWER:** Denied.

13. An image of the Subject Photograph B and a screen capture of Defendant's website with Subject Photograph B embedded are set forth hereinbelow:

**Subject Photograph B**



**Screen Capture**



ANSWER TO COMPLAINT                    Case No.: 2:20-cv-09363 CAS (AGRx)

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

<u>**CLAIMS RELATED TO SUBJECT PHOTOGRAPH C**</u>

14. Plaintiff owns an original photograph of Lucy Lawless and Renee O'Connor ("Subject Photograph C") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-431-698. Plaintiff is the sole owner of the exclusive rights to the Subject Photograph C.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

15. Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph C, NEWSBREAK, DOE Defendants, and each of them used the Subject Photograph C without Plaintiffs authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.newsbreak.com/news/1548290582150/wgat-the-castof-xena-warrior-princess-is-doing-today/.

**ANSWER:** Denied

16. An image of Subject Photograph C and a screen capture of Defendant's website with the Subject Photograph C embedded are set forth hereinbelow:

///
///
///
///
///
///
///
///
///
///
///
///
///

## Subject Photograph C



## Screen Capture



**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

### CLAIMS RELATED TO SUBJECT PHOTOGRAPH D

17. Plaintiff owns an original photograph of Tawny Kitaen ("Subject Photograph D") that was registered with the United States Copyright Office on July 7, 2010 with the Registration Number VA 1-736-729. Plaintiff is the sole owner of the exclusive rights to the Subject Photograph D.

7

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

18. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph D, NEWSBREAK, DOE Defendants and each them used the Subject Photograph D without Plaintiffs authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https ://www.newsbreak.com/news/1611605698064/tawny-kitaen-on-touring-withgreatest-rock-band-in-the-world/.

**ANSWER:** Denied

19. An image of Subject Photograph D and a screen capture of Defendant's website with Subject Photograph D embedded are forth hereinbelow:

### Subject Photograph D



### Screen Capture



ANSWER TO COMPLAINT                    Case No.: 2:20-cv-09363 CAS (AGRx)

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

## <u>FIRST CLAIM FOR RELIEF</u>

(For Copyright Infringement – Against all Defendants, and Each)

20. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Answering Defendant responds to each allegation as set forth above.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph A, Subject Photograph B, Subject Photograph C, and Subject Photograph D (collectively, the "Subject Photographs"), including, without limitation, through their publication by Grecco's clients, including USA Weekend Magazine, and through the unauthorized reproductions of the Subject Images by other third parties on the World Wide Web.

**ANSWER:** Denied

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Subject Photographs on websites including, but not limited to, www.newsbreak.com/.

**ANSWER:** Denied.

23. Plaintiff is informed and believes and thereon alleges that the photographs used by Defendants, shown above, used the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photographs and is identical or at least substantially similar to the Subject Photographs.

**ANSWER:** Denied.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiffs copyright by copying the Subject Photographs and publishing and displaying the Subject Photographs to the public, including without limitation, on www.newsbreak.com/, without Plaintiff's authorization or consent.

**ANSWER:** Denied.

25. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

**ANSWER:** Denied.

ANSWER TO COMPLAINT                    Case No.: 2:20-cv-09363 CAS (AGRx)

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

**ANSWER:** Denied.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($ 150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**ANSWER:** Denied.


[*The remainder of the complaint consists of a prayer for relief, to which no response is required.*]


## AFFIRMATIVE DEFENSES

For its affirmative defenses, and without altering any applicable burdens, PARTICLE MEDIA alleges that Plaintiff's claims are barred, in whole, or in part, as follows:

## FIRST AFFIRMATIVE DEFENSE

### Independent Creation / No Copying

1.   To the extent that Plaintiff's allegedly original photographs at issue (the "Copyright In Suit") is similar to Defendants' products, any such similarities are not the result of any actual copying of Plaintiff's photographs by the Answering Defendant or its agents. Rather, on information and belief, the photographs appearing on the website allegedly maintained by the Answering Defendant was independently created by PARTICLE MEDIA's vendor(s) or

its upstream suppliers, web designers, content providers, publishers, agents, or writers based on preexisting, public-domain materials.

### SECOND AFFIRMATIVE DEFENSE

**Equitable Estoppel for Inducement or Inaction**

(*In the Alternative to Independent Creation*)

2.   On information and belief, Plaintiff knew, should have known, or was willfully blind as to facts of Defendants' allegedly-infringing conduct. This includes facts related to the allegedly-infringing conduct of the Answering Defendant, as well as of the upstream conduct of DOE Defendants involved in acquiring the photographs at issue, and also the conduct of certain other unknown third parties, including agents of Plaintiff, to whom Plaintiff has previously disclosed its allegedly-original, copyright-protected photographs in the past (hereafter, "Roes 1-10"). The named Defendants, the DOE Defendants, and Roes 1-10, are hereafter referred to as the "Induced Parties."

3.   On information and belief, Plaintiff intended that its conduct be acted upon, or it acted so that the Induced Parties, and each of them, had a right to believe that Plaintiff intended for its conduct to be acted upon. Specifically, Plaintiff, or its agents, induced the infringement of its copyrighted photographs by actively trying to ensure that its photographs were made available in the online news marketplace, without attribution or copyright notice, and from there distributed throughout the world, so that the photographs could then serve as the basis for copyright lawsuits, when websites bearing the photographs were made available and used in the United States. Or, at the very least, Plaintiff failed to take appropriate and reasonable action, for a prolonged period of time, that would have helped stop dissemination of supposedly-proprietary and original Plaintiff photographs into the online news marketplace.

4.   PARTICLE MEDIA was ignorant of the true facts of Plaintiff's inducement, inaction, and other conduct

5.   PARTICLE MEDIA relied upon Plaintiff's inducement, inaction, and other conduct to their injury.

///

///

///

11

### THIRD AFFIRMATIVE DEFENSE

#### Unclean Hands

(*In the Alternative to Independent Creation*)

6.   The allegations of the second affirmative defense are incorporated here by reference.

7.   To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's photographs into the online news marketplace, so as to then sue in the United States for infringement, that also amounts to unclean hands by Plaintiff.

8.   On information and belief, Plaintiff's inducement of infringement of the Copyrights in Suit were transgressions of serious proportions that relates directly to the subject matter of this infringement action.

### FOURTH AFFIRMATIVE DEFENSE

#### Implied License

*(In the Alternative to Independent Creation)*

9.   The allegations of the second affirmative defense are incorporated here by reference.

10. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's photographs into the online news marketplace, or failed to take reasonable action to stop such dissemination, Plaintiff's conduct and representations give rise to an implied license granted by Plaintiff to the Induced Parties. If PARTICLE MEDIA purchased any photographs originating the online news marketplace that originated with other of the Induced Parties, then, on information and belief, such purchases came with an implied license to reproduce distribute, and otherwise make commercial use of the Copyrights in Suit, which Plaintiff disseminated into the marketplace.

### FIFTH AFFIRMATIVE DEFENSE

#### First Sale

*(In the Alternative to Independent Creation)*

11. The allegations of the second affirmative defense are incorporated here by reference.

12. Assuming the Copyrights in Suit are original works of authorship, and that the copyright rights thereto are properly owned by Plaintiff, then, on information and belief, any website bearing the photographs were lawfully produced with authorization of the copyright owner.

12

13. The particular photographs for the Copyrights in Suit were transferred to unknown vendors under authority of the copyright owner, whether via Plaintiff directly, or via the DOE Defendants or Roes 1-10.

14. The unknown vendors who received the photographs from Plaintiff, or the DOE Defendants, or Roes 1-10, were thus lawful owners of the particular photographs.

15. The unknown vendors who received the particular photographs thereupon simply distributed the particular photographs.

16. Accordingly, the doctrine of first sale extinguished the copyright owners' right in and to the allegedly copyrighted goods embodying the Copyrights in Suit.

## SIXTH AFFIRMATIVE DEFENSE

### Incorrect Information Included in Copyright Registration Application

*[17 U.S.C. § 411(b)]*

17. On information and belief, Plaintiff included inaccurate information on Plaintiff's application for copyright registration with knowledge that it was inaccurate.

18. On information and belief, the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

## SEVENTH AFFIRMATIVE DEFENSE

### Fraud on the Copyright Office

19. On information and belief, Plaintiff knowingly included information in its registration application that was false and that was intended to defraud the Copyright Office into issuing the registration at issue.

20. On information and belief, if the Copyright Office had known the true facts, it would have refused registration for the registration at issue.

## EIGTH AFFIRMATIVE DEFENSE

### Statutory Damages Under the Copyright Act Are Unconstitutional

21. Under the Copyright Act, Congress did not intend to burden juries with deciding on the amount of statutory damages; rather Congress intended that judges set such awards. 17 U.S.C. § 504(c)(1) (statutory damages may be awarded in an amount "the court considers just"); *id.* at (c)(2) (where "the court finds" that infringement was committed willfully "the court in its discretion may increase the award"). *Feltner v. Columbia Pictures Television,*

*Inc.*, 523 U.S. 340, 346-47 (1998) ("The word 'court' in this context appears to mean judge, not jury. . . We thus discern no statutory right to a jury trial when a copyright owner elects to recover statutory damages").

22. The Seventh Amendment to the U.S. Constitution guarantees a right to jury trial on "suits at law." In *Feltner*, a case where a defendant had demanded that a jury determine statutory damages, the Supreme Court looked to 18th Century history and determined that a suit for copyright infringement is historically akin to a suit "at law." *Id.* at 349-55. Thus, the Supreme Court held that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Id.* at 355.

23. It is therefore clear that Section 504 of the Copyright Act, wherein Congress gave judges, rather than juries, the authority to award statutory damages violates the Seventh Amendment of the U.S. Constitution. *See* 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 Ed.) ("Eight justices of the United States Supreme Court have now determined that Congress did not allow for juries to be appointed under Section 504(a), which is therefore unconstitutional . . .") (referring to *Feltner*, 523 U.S. at 347, 355).

24. Accordingly, since § 504 of the Copyright Act is facially unconstitutional, it should be deemed to be an invalid basis for a statutory damages award. *See* 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 Ed.) (criticizing *Feltner* as "unsettling" and questioning the Supreme Court's superficial justification for implicitly allowing statutory damages to continue to be awarded even though the only statute allowing them states they should be provided by judges, not juries, and is thus unconstitutional. "This field appears to have sunk into disarray. . . Until such time as a different viewpoint of the Seventh Amendment prevails, and Congress is allowed to commit the award of statutory damages to district judges in the exercise of their discretion, the impasse between robe and venire may simply persist."); *c.f. Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 437 (2001) ("Unlike the measure of actual damages suffered, which presents a question of historical or predictive fact, []the level of punitive damages is not really a 'fact' 'tried' by the jury.") (internal citation omitted).

25. Moreover, in a case where the actual damages are minimal or non-existent, such as this one, it is possible that even the minimum amount of statutory damages prescribed under the Copyright Act of $750 per work of authorship, or such other higher figure as might be

ANSWER TO COMPLAINT          Case No.: 2:20-cv-09363 CAS (AGRx)

returned by a verdict, would amount to an unconstitutional deprivation of a defendant's due process, as applied.

## NINTH AFFIRMATIVE DEFENSE
### Knowledge, Consent, and Acquiescence

26. On information and belief, Plaintiff's claims are barred in whole or in part by Plaintiff's knowledge, consent, and acquiescence, with respect to the alleged infringement, which Plaintiff was aware of and in fact took steps to help facilitate.

## TENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

27. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff was aware that the allegedly original copyrighted photograph it purports to own was being allegedly infringed online, and purposefully avoided taking steps that might mitigate the spread of infringement.

## ELEVENTH AFFIRMATIVE DEFENSE
### Misuse of Copyright

28. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff's tactics of permitting or inducing—and then aggressively policing—infringements constitute copyright misuse. The defense of misuse "'prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly,' and extends to any situation implicating 'the public policy embodied in the grant of a copyright.'" *Disney Enters., Inc. v. Redbox Automated Retail, LLC* 336 F.Supp.3d 1146, 1156 (C.D. Cal. 2018) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239F.3d 1004, 1026 (9th Cir. 2001); *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, J. concurring)).

29. The underlying policy of copyright law's "statutory monopoly" recognizes that "private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). While photograph copyright plaintiffs enjoy a limited monopoly over their photographs, the use of infringement lawsuits as a business model reduces the choices available to consumers of online news, frustrating the policy goals of copyright.

ANSWER TO COMPLAINT                    Case No.: 2:20-cv-09363 CAS (AGRx)

## TWELFTH AFFIRMATIVE DEFENSE

### Intervening Acts

30. On information and belief, Plaintiff's clams are barred in whole or in part because the damages complained of were the result of intervening actions of others and were not proximately caused by the actions or omissions of Answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Innocent Intent

*[17 U.S.C. § 504(c)(2)]*

31. Plaintiff's damages, if any, are limited because Answering Defendant was not aware and had no reason to believe that their acts constituted an infringement of copyright.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Fair Use

32. Plaintiff's claims are barred in whole or in part by the doctrine of fair use in that the subject photographs associated with Answering Defendant were and do constitute new and unique artistic expression as compared to the original elements, if any, for the Copyrights in Suit.

## FIFTEENTH AFFIRMATIVE DEFENSE

### De Minimis Infringement

33. Plaintiff's claims are barred in whole or in part because any copying of original elements or other violations of rights which may have occurred were *de minimis*.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Failure to State a Claim Upon Which Relief Can be Granted

*[Fed. R. Civ. P. 12(b)(6)]*

34. Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Failure to Join a Party Under Rule 19

*[Fed. R. Civ. P. 12(b)(7)]*

ANSWER TO COMPLAINT                    Case No.: 2:20-cv-09363 CAS (AGRx)

35. On information and belief, Plaintiff may have failed to join a required party, however, the identity of such a party is presently unknown to Answering Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Lack of Volitional Conduct

36. Plaintiff's claims are barred in whole or in part because the alleged infringement was not caused by a volitional act attributable to the Answering Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### DMCA Safe Harbor

### *[17 U.S.C. § 512(c)]*

37. Plaintiff's claims are barred in whole or in part by the Safe Harbor Provisions of the DMCA in that the Answering Defendant is a Service Provider as defined in the DMCA, that the subject photographs associated with Answering Defendant were stored at the direction of a user of the Answering Defendant on a system or network controlled or operated by or for the Answering Defendant, and that the Answering Defendant meets all conditions-precedent, if any, for receiving protections under the Safe Harbor Provisions of the DMCA.

## ADDITIONAL DEFENSES

38. PARTICLE MEDIA reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**ACCORDINGLY**, PARTICLE MEDIA hereby pays that Plaintiff takes nothing on its complaint and that Defendant recovers its costs, including attorneys' fees under the Copyright Act, and such other further relief as the Court may deem just and proper.

///

///

///

17

Dated:  December 7, 2020

Respectfully submitted,

By _____

Zheng "Andy" Liu (SBN 279327)
*Attorneys for Defendant*
*Particle Media, Inc.*

ANSWER TO COMPLAINT          Case No.: 2:20-cv-09363 CAS (AGRx)

## DEMAND FOR JURY TRIAL

PARTICLE MEDIA hereby demands a jury trial on all issues so triable.


Dated:  December 7, 2020                                  Respectfully submitted,


By  _____
                                         Zheng "Andy" Liu (SBN 279327)
                                         *Attorneys for Defendant*
                                         *Particle Media, Inc.*

ANSWER TO COMPLAINT                    Case No.: 2:20-cv-09363 CAS (AGRx)